UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN CASSADAY,

                    Plaintiff,                              22-CV-2495 (LTS)

          -against-                            ORDER DIRECTING PAYMENT OF FEE
                                                OR IFP APPLICATION AND PRISONER
PFIZER INC.,                                              AUTHORIZATION

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently detained at the Newaygo County Jail in White Cloud,

Michigan, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must

either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request

authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a

signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court

grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect

the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. §

1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must

therefore authorize the Court to withdraw these payments from his account by filing a "prisoner

authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00

filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of

the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

          Plaintiff submitted the complaint without the filing fees or a completed IFP application

and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay

_____

          [1] The $52.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

the $402.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 22-CV-2495 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Dated:    March 30, 2022
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action or appeal that is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.